UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JAMES ROBERT BATES,

    Plaintiff

v.

O'BELL THOMAS WINN and
JAMES ROTH

    Defendants.
_____/

Case No. 2:16-cv-14324
District Judge Avern Cohn
Magistrate Judge Anthony P. Patti

## ORDER DENYING PLAINTIFF'S MOTION FOR "DEFAULT OF JUDGMENT" (DE 28)

This matter is before the Court for consideration of Plaintiff James Robert Bates' motion for "default of judgment" against Defendants O'Bell Thomas Winn and James Roth. (DE 28). For the reasons that follow, Plaintiff's motion is **DENIED**.

### A. Background

Plaintiff, a state prisoner who is proceeding *in forma pauperis*, brings this prisoner civil rights lawsuit against Defendants O'Bell Thomas Winn and James Roth, alleging a violation of his Eighth Amendment rights. (DE 1.) He seeks monetary and declaratory relief. (*Id.*) After several unsuccessful attempts at service, waivers of service were finally returned executed for Defendants Winn and Roth and filed on April 12, 2019, with an answer, if any, due by June 3, 2019.

(DEs 29, 30.) On June 3, 2019, counsel entered an appearance for both defendants and filed motion for summary judgment, as well as a demand for a jury trial. (DEs 31, 32, 33.)

### B. Plaintiff's Motion for Default of Judgment (DE 28)

On March 8, 2019, Plaintiff filed a motion for "default of judgment" against Defendants, requesting that the Clerk enter default against the defendants for failure to "respond[] back to the allegations in [his] complaint." (DE 28.) Incongruently, Plaintiff also states that he believes service on the defendants has failed or has not been attempted by the United States Marshals Service. (*Id.*)

A default judgment would be improper for a number of reasons. First, Defendants Winn and Roth were not served with Plaintiff's Complaint until April 2, 2019, three weeks *after* Plaintiff filed the instant motion, and therefore no answer was required or due at the time the motion was filed. *See* Fed. R. Civ. P. 4.

Second, Plaintiff filed this action *in forma pauperis* under the Prisoner Litigation Reform Act ("PLRA"), which provides in relevant part as follows:

> **(g) Waiver of reply**
>
> > **(1)** Any defendant may waive the right to reply to any action brought by a prisoner confined in any jail, prison, or other correctional facility under section 1983 of this title or any other Federal law. Notwithstanding any other law or rule of procedure, such waiver shall not constitute an admission of the allegations contained in the complaint. No relief shall be granted to the plaintiff unless a reply has been filed.

> **(2)** The court may require any defendant to reply to a complaint brought under this section if it finds that the plaintiff has a reasonable opportunity to prevail on the merits.

42 U.S.C. § 1997e(g). As such, even when Defendants were served, they were only required to file an answer if the Court so ordered, which it did not.

And third, Defendants filed a motion for summary judgment on June 3, 2019, within 60 days of being served with the complaint, and therefore have now responded.

Accordingly, for all these reasons, Plaintiff's motion for default of judgment (DE 28) is **DENIED**.

**IT IS SO ORDERED.**

Dated: August 20, 2019        s/*Anthony P. Patti*
                              Anthony P. Patti
                              UNITED STATES MAGISTRATE JUDGE


**Certificate of Service**

I hereby certify that a copy of the foregoing document was sent to parties of record on August 20, 2019, electronically and/or by U.S. Mail.

                              s/Michael Williams
                              Case Manager for the
                              Honorable Anthony P. Patti